1  McGREGOR W. SCOTT
   United States Attorney
2  PAUL HEMESATH
   OWEN ROTH
3  Assistant United States Attorneys
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone: (916) 554-2700
5  Facsimile:  (916) 554-2900

6

   Attorneys for Plaintiff
7  United States of America

8

9              IN THE UNITED STATES DISTRICT COURT

10                EASTERN DISTRICT OF CALIFORNIA

11  UNITED STATES OF AMERICA,          CASE NO. 2:18-CR 00014 KJM

12                   Plaintiff,         21 U.S.C. § 841(a)(1) – Possession with Intent to
                                        Distribute N-ethylpentylone; 21 U.S.C. § 853(a) –
13          v.                          Criminal Forfeiture

14  LAKEISHA RUDULPH,

15                   Defendant.

16

17                          INDICTMENT

18  The Grand Jury charges: T H A T

19                    LAKEISHA RUDULPH,

20

21  defendant herein, on or about February 27, 2017, in the County of Sacramento, State and Eastern

22  District of California, and elsewhere, did knowingly and intentionally possess with intent to distribute a

23  mixture and substance containing a detectable amount of N-ethylpentylone, a controlled substance

24  analogue as defined in 21 U.S.C. § 802(32), with intent for human consumption as provided in 21

25  U.S.C. § 813, in violation of Title 21, United States Code, Section 841(a)(1).

26  FORFEITURE ALLEGATION: [21 U.S.C. § 853(a) – Criminal Forfeiture]

27       1.      Upon conviction of the offense alleged in the indictment, defendant LAKEISHA

28  RUDULPH shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a),

INDICTMENT                                   1

1  the following property:

2          a.     All right, title, and interest in any and all property involved in the violation of

3  Title 21, United States Code, Section 841(a)(1), for which defendant is convicted, and all property

4  traceable to such property, including the following: all real or personal property, which constitutes or is

5  derived from proceeds obtained, directly or indirectly, as a result of such offense; and all property used,

6  or intended to be used, in any manner or part to commit or to facilitate the commission of the offense.

7          b.     A sum of money equal to the total amount of proceeds obtained as a result of the

8  offense for which defendant is convicted.

9      2.    If any property subject to forfeiture, as a result of the offense alleged in this Indictment,

10  for which defendant is convicted:

11          a.     cannot be located upon the exercise of due diligence;

12          b.     has been transferred or sold to, or deposited with, a third party;

13          c.     has been placed beyond the jurisdiction of the Court;

14          d.     has been substantially diminished in value; or

15          e.     has been commingled with other property which cannot be divided without

16                difficulty;

17      it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

18  seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

19

20

21                                     A TRUE BILL.

22                                   **/s/ Signature on file w/AUSA**

23

                                   FOREPERSON

24

25  McGREGOR W. SCOTT

26  United States Attorney

27

28

INDICTMENT                              2

No. **2** 1 8 - CR 0 0 0 1 4 KJN

No. _____

---

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

---

## THE UNITED STATES OF AMERICA
*vs.*

### LAKEISHA RUDULPH

---

## I N D I C T M E N T

**VIOLATION(S):**   21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute N-ethylpentylone;
21 U.S.C. § 853(a) – Criminal Forfeiture

---

*A true bill,*

## /s/ Signature on file w/AUSA

_____
*Foreman.*

*Filed in open court this* _____ /8⅓ _____ *day*

*of* _____ JANUARY _____ , A.D. 20 _18_ __

_____
*Clerk.*

---

*Bail, $* _____ **NO BAIL WARRANT**

_____

GPO 863 525

2: 1 8 - CR 0 0 0 1 4 1LN

## United States v. Lakeisha Rudulph
### Penalties for Indictment

VIOLATION:    21 U.S.C. § 841(A)(1) – Possession with Intent to Distribute N-
              Ethylpentylone

PENALTIES:    A maximum of up to 20 years in prison; or
              Fine of up to $1,000,000; or both fine and imprisonment
              Supervised release of at least 3 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)


## FORFEITURE ALLEGATION:

VIOLATION:    21 U.S.C. § 853(a) - Criminal Forfeiture


PENALTIES:    As stated in the charging document